Prob 12C
TNMP (11/2018)

# UNITED STATES DISTRICT COURT
## for
## Middle District of Tennessee
## Petition for Warrant for Offender on Supervision

Name: <u>Ralph T. O'Neal, III</u>                                    Docket Number: <u>3:25-CR-00021</u>

Name of Current Judicial Officer: <u>The Honorable William L. Campbell, Jr., Chief U.S. District Judge</u>

Name of Sentencing Judicial Officer: <u>The Honorable Thomas W. Phillips, U.S. District Judge (EDTN)</u>

Date of Original Sentence: <u>June 9, 2011</u>

Original Offense: <u>21 U.S.C § 846 and 841(a)(1) Conspiracy to Distribute and Possess with Intent to Distribute Five Kilograms or More of Cocaine Hydrochloride and 50 Grams or More of Cocaine Base; 21 U.S.C § 841 (a)(1) and 18 U.S.C. § 2 Aiding and Abetting in the Distribution of Cocaine Hydrochloride; 21 U.S.C § 860 and 841 (a)(1): Distribution of Cocaine Hydrochloride Within 1,000 Feet of a School; 21 U.S.C § 860 and 841 (a)(1) and 18 U.S.C. § 2: Aiding and Abetting in the Distribution of Five Grams or More of Cocaine Base Within 1,000 Feet of a School; 21 U.S.C § 860 and 841 (a)(1) and 18 U.S.C. § 2: Aiding and Abetting in the Distribution of 50 Grams or More of Cocaine Base Within 1,000 Feet of a School; 18 U.S.C. § 922 (g)(1): Felon in Possession of a Firearm</u>

Amended Sentence: <u>260 months' custody followed by 16 years' supervised release</u>

Type of Supervision: <u>Supervised release</u>           Date Supervision Commenced: <u>November 20, 2024</u>

Assistant U.S. Attorney: <u>To be determined</u>         Defense Attorney: <u>To be determined</u>

---

## PETITIONING THE COURT

☐ **To Issue a Summons**
☒ **To Issue a Warrant**
☐ **To Consider Additional Violations\Information**

---

The Court Orders:
☐ No Further Action at this Time
☐ The Issuance of a Summons
☒ The Issuance of a Warrant
    ☐ Sealed Pending Warrant Execution (cc: U.S. Probation and U.S. Marshal only)
☐ The Consideration of Additional Violations and/or Information
☐ Other

Considered, this <u>2nd</u> day of <u>December</u>, 2025, and made part of the record in the above case.

_____
The Honorable William L. Campbell, Jr.
Chief United States District Judge

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted this 2nd day of December, 2025.

_____
Maggie Taff
U.S. Probation Officer

Place: Nashville, TN

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

| Violation No. | Nature of Noncompliance |
|---|---|
| 1. | **You shall not commit another federal, state or local crime.** |

On November 7, 2025, Knox County Sheriff's Department issued warrants for Ralph O'Neal on Docket Entry Number 131770 for the following offenses:

T.C.A. §39-14-114: Forgery, a Felony
T.C.A. §39-14-103: Felony Theft, a Felony
T.C.A. §39-14-602: Tennessee Person and Commercial Computer Act of 2003, a Felony

Since September 24, 2025, the Knox County Sheriff's Office has been investigating a fraud and forgery case involving the illegal transfer of property at 11521 Snyder Road, in Knoxville, Tennessee.

On July 12, 2019, Clifford E. Hayes died. Through the will process, Clifford E. Hayes left his three children, Leslie Hayes, Korita Hayes-Davis, and James Hayes, three equal land parcels listed as: Leslie/130-13301/11521 Snyder Road, James/130-13302/11521 Snyder Road, and Korita/130-13303/11519 Snyder Road.

On June 27, 2025, an Affidavit of Heirship was completed and notarized, transferring the property (130-13302) from Clifford E. Hayes to Korita Hayes-Davis and Leslie Hayes. On the same day, a quitclaim deed was completed and notarized, transferring the property (130-13302) from Korita Hayes-Davis and Leslie Hayes to Ralph O'Neal, III. All documents were notarized in Davidson County, Tennessee, by a mobile notary.

On June 30, 2025, an unidentified black woman visited the Knox County, Tennessee Register of Deeds office and submitted the suspected forged documents for recording. The documents listed Ralph Thurston O'Neal, III as the owner of 11521 Snyder Road, Knoxville, Tennessee (130-13302).

On October 6, 2025, Carla Woods was interviewed by law enforcement at her office in Memphis, Tennessee. Ms. Woods stated that she was contacted by an individual identified as Ralph T. O'Neal, III via telephone around June 25, 2025. Mr. O'Neal requested that Ms. Woods prepare a series of documents related to a property located at 11521 Snyder Road in Knoxville. The documents included an affidavit of heirship transferring property from Clifford Hayes (deceased) to Leslie Hayes, and a quitclaim deed transferring the same property from Korita Hayes-Davis and Leslie Hayes to Ralph Thurston O'Neal, III for $1,000. Mr. O'Neal provided Ms. Woods with essential information needed to prepare the quitclaim deed through a series of emails originating from the email address onealralph9@gmail.com. One of the emails from Mr. O'Neal listed the names Leslie E. Hayes, James D. Hayes, and Korita L. Hayes-Davis. Ms. Carla Woods did not notarize the documents because no one appeared before her in Memphis to sign them. Instead, the documents were emailed to Mr. O'Neal. Ms. Woods received $400.00 through an Apple Pay

transaction linked to the phone number 615-403-2495. Mr. O'Neal also provided a phone number, 615-210-5268, for a woman named Teresa Wright. Mr. O'Neal explained to Ms. Woods that Ms. Wright would file the quitclaim deed with the Knox County Register of Deeds.

On October 9, 2025, law enforcement spoke with a representative from United Real Estate Solutions in Knoxville, Tennessee. They represented a potential buyer for the property at 11521 Snyder Road. Leslie Hayes initially contacted United Real Estate Solutions about the sale of the property, which included 11521 and 11521A Snyder Road, but eventually connected with Ralph O'Neal. Mr. O'Neal spoke to United Real Estate Solutions at least once and claimed to be the property's owner. United Real Estate found it suspicious that the property was transferred via a quitclaim deed from Korina Hayes-Davis and Leslie Hayes to Mr. O'Neal for $1,000. A United Real Estate Solutions employee met with Mr. O'Neal and his real estate agent once at the Snyder Road property. The buyer agreed to pay $200,000 for the 11521 and 11521A properties. United Real Estate Solutions postponed the closing because proof of ownership for the mobile homes on the property could not be verified. United Real Estate Solutions wanted more time to verify the mobile homes to protect the buyer. During this delay, it was found that the quitclaim deed filed for 11521 Snyder Road was fraudulent.

Unity Title and Escrow disclosed to Admiral Title Company that they suspected fraud because the signatures did not match and refused to proceed with the closing. Admiral Title Company then directly contacted the buyer's agent, the seller's agent, and the property owners (Hayes and Davis) to discuss the issue. Admiral Title Company verified with owner Korita Hayes-Davis that she did not intend to sell the property and had not signed the quitclaim deed. Since Admiral Title Company had previously closed the nearby tract at 11519 Snyder Rd in December 2024, they had her contact information and copies of her signature, which they compared with the signature on the disputed deed to look for fraud. They also reviewed property records and found that the signature of Leslie E. Hayes on the questionable deed did not match prior records. At that point, Admiral Title Company informed the buyer and seller's agents that they could not proceed with the transaction, and the closing was canceled.

Korita Hayes-Davis reported the fraud and stated that she had not signed any documents related to the transfer of the property.

During an interview with Leslie Hayes, he admitted O'Neal suggested he could sell the Snyder Road property for Mr. Leslie Hayes, but Mr. Hayes denied signing any documents transferring the property to O'Neal. Mr. Hayes admitted to participating in drug purchases from Mr. O'Neal as part of their relationship. Mr. Hayes stated that he traded a car to Mr. O'Neal for $200 worth of cocaine in the summer of 2025

On November 7, 2025, Mr. O'Neal was arrested on outstanding warrants from the Knox County Sheriff's office. He is currently in custody with Knox County Jail and has a next court date of December 12, 2025. Mr. O'Neal's bond is set at $75,000.

    **2.**     **The defendant shall refrain from excessive use of alcohol and shall not purchase, possess, use, distribute, or administer any controlled substance or any paraphernalia related to any controlled substances; except as prescribed by a physician.**

The FBI of Knox County executed a search warrant on November 25, 2025, for Mr. Ralph O'Neal regarding the charges listed in Violation Number 1.

During the execution of the search warrant, the agents found a small amount of a powdery substance in a plastic bag, along with a pill, that was found in Mr. O'Neal's bedroom. The powder was field-tested and tested positive for heroin/fentanyl, and the pill tested positive for MDMA.

A plastic garbage can was in the garage which contained gloves, wipes, blenders, sifts, grinders, vacuum seal bags, measuring bowls, and storage containers commonly used to prepare and process cocaine, heroin, and fentanyl together. The items were stored together and clean. Electronic scales and plastic bags were in the downstairs bathroom and another electronic scale was in the closet.

**Compliance with Supervision Conditions and Prior Interventions:**
Mr. Ralph O'Neal began his term of supervised release on December 20, 2024, and is scheduled to terminate on December 19, 2040. Mr. O'Neal resided alone in Nashville, Tennessee. Mr. O'Neal was employed full time with Tekanu, LLC. He has been employed with this company since September of 2022.

During the search on November 25, 2025, officers found $2,600 in the same drawer as the fentanyl/heroin and the MDMA. There was a vehicle in the garage that the victim, Leslie Hayes (of the pending fraud case), told law enforcement that he traded to Mr. O'Neal for cocaine.

**Update of Offender Characteristics:**
There is no additional information relevant to this section that has not been provided in this petition.,

**U.S. Probation Officer Recommendation:**
It is respectfully recommended that a warrant be issued for Mr. O'Neal, so that he may appear before the Court to answer to the violation behavior outlined above.

# SENTENCING RECOMMENDATION
## UNITED STATES DISTRICT COURT FOR THE MIDDLE DISTRICT OF TENNESSEE
### UNITED STATES V. RALPH T. O'NEAL, III CASE NO. 3:08-CR-107 -001

**GRADE OF VIOLATION:**　　　　　B
**CRIMINAL HISTORY:**　　　　　　IV

**ORIGINAL OFFENSE DATE**:　　　POST APRIL 30, 2003　　　PROTECT ACT PROVISIONS

|  | **Statutory Provisions** | **Guideline Provisions** | **Recommended Sentence** |
|---|---|---|---|
| **Custody:** | Not more than 5 years (Class A felony) *18 U.S.C § 3583 (e)(3)* | 12-18 months U.S.S.G. § 7B1.4(a) | 15 months |
| **Supervised Release:** | Not more than 5 years less any term of imprisonment *18 U.S.C. § 3583(h)* | Not more than 5 years U.S.S.G. § 5D1.2(a)(1) | No Recommendation |

**Statutory Provisions:**
Under 18 U.S.C. § 3583(e)(3) the Court may revoke a term of supervised release, and require the defendant to serve in prison all or part of the term of supervised release authorized by statute for the offense that resulted in such term of supervised release without credit for time previously served on post release supervision, if the Court finds by a preponderance of the evidence that the defendant violated a condition of supervised release. When a term of supervised release is revoked and the defendant is required to serve a term of imprisonment, the Court may include a requirement that the defendant be placed on a term of supervised release after imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release, in accordance with 18 U.S.C. § 3583(h).

Under 18 U.S.C. § 3583 (g)(1) Mandatory revocation for possession of a controlled substance or firearm or for refusal to comply with drug testing if the defendant possesses a controlled substance in violation of the conditions set forth in subsection (d).

**Guideline Policy Statements:**
U.S.S.G. § 7C1.1(a)(2) Grade B Violations - conduct constituting any federal, state, or local offense punishable by a term of imprisonment exceeding one year

U.S.S.G. § 7C1.3(a) and (b) Upon receiving a report that the defendant is in non-compliance with a condition of supervised release, the court should conduct an individualized assessment to determine what response, if any, is appropriate. Upon a finding of a violation for which revocation is required by statute (see 18 USC 3583(g)), the court shall revoke supervised release. Upon a finding of any other violation, the court shall conduct an individualized assessment, taking into consideration the grade of violation, to determine whether to revoke supervised release. Revocation is generally appropriate for a Grade A violation, often appropriate for a Grade B violation, and may be appropriate for a Grade C violation.

Approved:

*Abigail Smith*
Abigail Smith
Supervisory U.S. Probation Officer

**VIOLATION WORKSHEET SUPERVISED RELEASE**

1. **Defendant** Ralph T O'Neal III

2. **Docket Number** (*Year-Sequence-Defendant No.*) 3:25-CR-00021

3. **District/Office** Middle District of Tennessee / Nashville

4. **Original Sentence Date** 6/9/2011

5. **Original District/Office** Eastern District of Tennessee
   *(if different than above)*

6. **Original Docket Number** (*Year-Sequence-Defendant No.*) 3:08-CR-107-01

7. **List each violation and determine the applicable grade** (see §7C1.1(a)):

   | | Violation(s) | Grade |
   |---|---|---|
   | 1. | You shall not commit another federal, state or local crime. | B |
   | 2. | The defendant shall not purchase, use, distribute or possess any controlled substance or any paraphernalia related to any controlled substance; except as prescribed by a physician. | B |

8. **Most Serious Grade of Violation** (see §7C1.1(b)) B

9. **Criminal History Category** (see §7C1.5) IV

10. **Range of Imprisonment** (see §7C1.5) 12-18 months

11. **Revocation of Supervised Release (Policy Statement Per** §7C1.4**):**

    (a) In the case of a revocation of supervised release, the court shall conduct an individualized assessment to determine the appropriate length of the term of imprisonment, given the recommended range of imprisonment set forth in §7C1.5 (Term of Imprisonment – Supervised Release (Policy Statement)).

    (b) Any term of imprisonment imposed upon the revocation of supervised release generally includes the imprisonment that the defendant is serving, whether or not the sentence of imprisonment being served resulted from the conduct that is the basis of the revocation of supervised release.

    (c) If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such a term of supervised release shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:25-mj-02368-JEM    Document 1    Filed 12/23/25    Page 7 of 8    PageID #: 7

release, less any term of imprisonment that was imposed upon revocation of supervised release. 18 U.S.C. § 3583(h).

12. **Unsatisfied Conditions of Original Sentence**

   List any restitution, fine, community confinement, home detention. or intermittent confinement previously imposed in connection with the sentence for which revocation is ordered that remains unpaid or unserved at the time of revocation (see §7C1.4):

   | | | | |
   |---|---|---|---|
   | Restitution($) | $ | Community Confinement | Click or tap here to enter text. |
   | Fine($) | $ | Home Detention | Click or tap here to enter text. |
   | Other | Click or tap here to enter text. | Intermittent Confinement | Click or tap here to enter text. |

13. **Supervised Release**

   If supervised release is revoked, the court may include a requirement that the defendant be placed on a term of supervised release upon release from imprisonment. The length of such term shall not exceed the term of supervised release authorized by statute for the offense that resulted in the original term of supervised release, less any term of imprisonment that was imposed upon revocation of supervised release (see 18 U.S.C. §3583(e), §§5D1.1-1.3 §7C1.4(c)).

   Term: Not More than 5 years

   Period of supervised release to be served following release from Click or tap here to enter text. imprisonment:

14. **Departure**

   List aggravating and mitigating factors that may warrant a sentence outside the applicable range of Imprisonment:
   Click or tap here to enter text.

15. **Official Detention Adjustment** (see §7C1.6(a) & (b)): Click or tap here to enter text. months Click or tap here to enter text. days

Mail documents to: United States Sentencing Commission
Ste 2-500, South Lobby, One Columbus Cir, NE
Washington, DC 20002-8002

Case 3:25-mj-02368-JEM    Document 1    Filed 12/23/25    Page 8 of 8    PageID #: 8